■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON GIBOYEAUX, Appellant.—Judgment, Supreme Court, New York County, rendered November 27, 1973 convicting defendant upon a plea of guilty of attempted possession of a weapon as a felony and sentencing him to a five-year period of probation, unanimously reversed, on the law; the order of the Supreme Court entered October 15, 1973, denying defendant's motion to suppress certain physical evidence, reversed, on the law, the motion granted and the indictment dismissed. Prior to entry of the plea defendant moved to suppress the physical evidence, i.e., a gun, which had been seized from him. The motion was denied after a hearing. On appeal the People concede that the physical evidence should have been suppressed since it was discovered as a result of an unlawful seizure. We agree. Briefly, the facts are as follows: Defendant was a passenger in a 1962 Chevrolet which was being driven by Raymond Quinones. The automobile was stopped by two patrolmen and Quinones was asked for his license and registration. Quinones indicated that he was the owner of the automobile but that it had not yet been registered by him. He produced the "old" registration for the automobile; a bill of sale for the automobile, signed by the original owner; and a separate registration for the automobile to which the license plates belonged. Defendant and the driver were, nevertheless, taken into custody for investigation of a "possible stolen car." It also appears that they were frisked—but nothing improper was then found. Subsequently, another officer arrived and prior to placing defendant in the police vehicle—in order to take him to the precinct—the officer asked: "Before I put you in the car, do you have anything on you you shouldn't have?" Defendant stated that he had a pistol in his left overcoat pocket. The officer thereupon removed the gun, i.e., a loaded .32 caliber revolver. As the People concede, there was no basis to detain the defendant, who was but a passenger in the vehicle. Whatever Vehicle and Traffic Law violations had occurred were attributable solely to the driver and could not be imputed to the defendant passenger. Indeed, the driver demonstrated prima facie that he was the owner of the vehicle and lawfully in possession of the plates. The documents produced negated any inference that defendant was involved in a larceny or unauthorized use of a vehicle. Accordingly, the police improperly detained the defendant and since the weapon was discovered as a result of the improper seizure of defendant, it should be suppressed *(People v Cantor,* 36 NY2d 106; *People v Trapier,* 47 AD2d 481). Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and Capozzoli, JJ.