■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVE KELLY, Respondent.—Order, Supreme Court, New York County (Alvin Schlesinger, J.), entered October 29, 1990, which granted defendant's motion to suppress physical evidence, affirmed.

In this People's appeal, which challenges the grant of defendant's motion to suppress physical evidence, the issue is whether the People's proof was sufficient to establish an unequivocal intent to abandon the property seized. Upon examination of the record, we conclude that it was not.

At approximately 11:30 P.M. on June 18, 1990, P.O. Enrique Calderin was on uniform patrol in a marked police car driven by his partner, P.O. Brian Fleming. As the eastbound patrol car traveled slowly on 134th Street near Lenox Avenue in Manhattan, Calderin observed defendant standing on the stoop of 108 West 134th Street with two women. Holding a small brown paper bag in his hand, defendant turned in the direction of the passing police car and then walked into the lobby of the building.

Calderin asked his partner to stop the vehicle, and he approached the building in time to see defendant place the brown paper bag inside of a recessed area in the lobby wall. A metal flap covered this wall opening, which was part of an incomplete buzzer system located just to the left of the entrance door.

After placing the bag into this covered wall space, defendant returned to the stoop, where he encountered Calderin. The officer asked defendant where he had obtained money which he held in his hand, and defendant replied that he had just cashed his welfare check. With no further conversation, Officer Calderin entered the lobby, lifted the closed metal flap and seized the paper bag. Upon opening it, he recovered 26 vials of what appeared to be crack cocaine. Calderin then arrested defendant, who was still on the stoop, approximately four feet from the intercom box, on narcotics charges. Defendant denied having placed the bag in the wall space.

The issue of whether a suspect has abandoned personal property and thus relinquished his expectation of privacy therein, turns on intent. (See, People v Howard, 50 NY2d 583, 593, cert denied 449 US 1023; United States v Cowan, 396 F2d 83, 87 [2d Cir 1968].) Since privacy is a constitutionally protected right, it is the People's burden to overcome the

presumption against its waiver. *(People v Howard, supra,* at 593.) This Court has held that the mere act of placing property in an area and walking a short distance away is insufficient to constitute abandonment. *(People v Pacheco,* 107 AD2d 473, *appeal dismissed* 67 NY2d 631; *People v Campbell,* 160 AD2d 363.)* Nor does the concealment of an object, without more, constitute sufficient proof to support abandonment, even if the hiding place is a trash receptacle. *(People v Howard, supra,* at 593; *see, Work v United States,* 243 F2d 660, 662.) Concur—Rosenberger, J. P., Kassal and Rubin, JJ.

Kupferman, J., dissents in a memorandum as follows: It is specious to consider that a right of privacy exists for a wall recess in the lobby or vestibule of a residential building where neither the inner nor outer door is locked.