■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JESUS MARRERO, Respondent.—Order, Supreme Court, Bronx County (Irene J. Duffy, J.), entered on April 18, 1990, which granted defendant's motion to suppress drugs of which he was charged with possession and to dismiss the indictment, unanimously reversed, on the law and the facts, the motion denied and the indictment reinstated.

Defendant was arrested on November 28, 1988 in the vestibule of 2205 Walton Avenue and charged with criminal possession of a controlled substance in the fourth degree. At the hearing on defendant' motion to suppress, the arresting officers testified that they had entered the vestibule because they had seen a large number of people entering and leaving the building and suspected drug activity. As soon as the uniformed officers entered, one of them observed defendant, who was leaning against the wall and holding a small brown paper bag. Within seconds defendant turned his head in the direction of the officers and threw the bag three or four feet away down to the second or third step of a descending staircase.

Upon the officer's immediate recovery of the bag, which contained 44 vials of crack-cocaine, defendant was arrested.

The hearing court found that the entry of the officers into the lobby, a public place, was proper, but that the seizure, and subsequent search, of the paper bag was a violation of defendant's Fourth Amendment rights. Specifically, the court found that the evidence was insufficient to satisfy the People's burden of proving that defendant had intentionally abandoned the bag.

We agree with the hearing court, and defendant does not contest, that the police were entitled to enter the lobby of the building. However, contrary to the hearing court, we find that the People demonstrated that defendant had abandoned the paper bag before it was seized and that there was therefore no constitutional violation. It is well established that the protections of the Fourth Amendment do not extend to property which has been abandoned and that such property may therefore be seized without probable cause *(Abel v United States,* 362 US 217; *People v Baldwin,* 25 NY2d 66). Whether or not property has been abandoned is a question of intent. *(People v Hernandez,* 162 AD2d 417.) In this case, the evidence clearly demonstrated that defendant deliberately tossed the bag several feet away down the stairs of a public hallway rather than inadvertently dropping it. Defendant did nothing, such as carefully placing it on the floor *(cf., People v Campbell,* 160 AD2d 363, *affd* 76 NY2d 921) from which could be evinced an intent to keep, rather than discard, the bag. Nor did defendant make any attempt to retrieve the bag once it had fallen. Under these circumstances, defendant had clearly demonstrated that he no longer had an expectation of privacy in the bag or its contents, and it was properly seized by the police.

Since the police were properly on the premises, and since the evidence demonstrates that defendant intentionally abandoned the bag before he was approached by the police, there is no basis to find that the abandonment was nullified by any police illegality *(People v Williams,* 123 AD2d 652; 1 LaFave, Search and Seizure § 2.6 [b], at 473-474 [2d ed]; *cf., People v Boodle,* 47 NY2d 398; *People v Grant,* 164 AD2d 170). Concur —Carro, J. P., Ellerin, Wallach, Kupferman and Kassal, JJ.