■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DARYL PHELPS, Respondent. [597 NYS2d 30] —Order, Supreme Court, New York County (Jay Gold, J.), entered April 8, 1992, which, *inter alia,* granted the defendant's motion to suppress physical evidence, unanimously reversed, insofar as appealed, on the law and the facts, the motion is denied, and the matter is remitted to the Supreme Court for further proceedings.

Contrary to the conclusion reached by the Supreme Court, the record clearly establishes that the purse containing narcotics, which the officer saw in the defendant's hand prior to its landing on the ground, was abandoned by the defendant, the only person in the vicinity in which the purse was recovered. The defendant neither carefully placed the purse on the ground nor made any attempt to retrieve it once it had fallen *(see, People v Marrero,* 173 AD2d 244, *lv dismissed* 78 NY2d 969; *cf., People v Kelly,* 172 AD2d 458, *affd* 79 NY2d 899; *People v Campbell,* 160 AD2d 363, *affd* 76 NY2d 921). The defendant clearly evidenced his intention to relinquish any expectation of privacy in the purse or its contents and the police lawfully seized it *(People v Marrero, supra; see also, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969).

There is no challenge to the propriety of the officers' presence in the building. Therefore, the purse was not abandoned as a result of any police misconduct *(People v Marrero, supra; People v Williams,* 123 AD2d 652, *lv denied* 69 NY2d 718).

Since the seizure of the narcotics from the purse provided a proper basis to arrest the defendant, the Supreme Court also erred in granting the defendant's motion to suppress the narcotics found on his person when he was searched at the precinct.

Accordingly, the defendant's motion to suppress physical evidence is denied and the matter is remitted to the Supreme Court for further proceedings. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.