■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE OSBORNE, Appellant. [598 NYS2d 792] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered May 14, 1992, which convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentenced him to a term of 4 years to life, unanimously affirmed.

Based on the police officer's observations, there was an objective credible reason for approaching defendant to request information (People v Hollman, 79 NY2d 181, 185). Defendant's conduct in placing his bag on the bus, exiting the bus, and repeatedly glancing in all directions prior to reboarding the bus, provided the officer with justification to ask defendant whether he was carrying any luggage (supra). Once defendant denied ownership of the bag, the officer had a founded suspicion that criminality was afoot, and thus the officer's additional questions as to whether the bag belonged to defendant

were proper *(supra,* at 193-194). Further, in light of defendant's denial of ownership, and his denial that he brought the bag onto the bus, defendant evinced a calculated decision to abandon the bag *(supra).* Since the search of the bag followed defendant's abandonment, the cocaine found inside was not the fruit of an illegal search *(People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023). Concur—Murphy, P. J., Carro, Wallach, Kassal and Nardelli, JJ.