■ In the Matter of JOSE R., a Person Alleged to be a Juvenile Delinquent, Appellant. [607 NYS2d 23] —Order, Family Court, Bronx County (Rhonda Cohen, J.), entered on or about February 22, 1993, which adjudged that respondent committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the second degree, and placed respondent in a Division for Youth facility for a period of twelve months, unanimously affirmed, without costs.

After a *Mapp* hearing, held to determine whether the loaded and operable .38 caliber semi-automatic pistol recovered from respondent's front pants pocket, pursuant to a

warrantless search and seizure at the precinct stationhouse, should be suppressed because the police officers had purportedly unlawfully detained respondent on a public street, the court properly determined that the initial custodial detention of respondent was proper under Family Court Act § 1024 and declined to suppress the evidence of the gun.

Pursuant to Family Court Act § 1024 (a), the police "shall take all necessary measures to protect a child's life or health including, when appropriate, taking or keeping a child in protective custody". Here, the court properly determined that the officers' actions of taking respondent into protective custody were warranted by their knowledge of having seen respondent repeatedly, during early morning hours, on a street corner known for multiple drug and weapons-related arrests, without any parental supervision. Moreover, one of the officers testified that they were responding to the particular street corner due to a radio run of gunshots being fired. The officers took respondent into their marked patrol car, but they neither frisked, searched nor handcuffed him. They took him to the precinct to make inquiry of his immediate next of kin to determine if he had been neglected, and whether a child welfare agency should be contacted. While respondent was being led to the juvenile room at the precinct, one of the officers noticed a bulge in respondent's left pants pocket. The officer touched it and recognized it to be the outline of a gun. Concur—Rosenberger, J. P., Ellerin, Asch, Nardelli and Williams, JJ.