■ In the Matter of JAIME G., a Person Alleged to be a Juvenile Delinquent, Appellant. [617 NYS2d 13] —Order of disposition, Family Court, Bronx County (Harold J. Lynch, J.), entered on or about December 17, 1993, adjudicating appellant a juvenile delinquent and placing him with the Division for Youth, non-secure detention, for a period of up to 1 year, following a fact-finding determination that appellant had committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree, unanimously affirmed, without costs.

Family Court properly denied suppression of the handgun that appellant discarded upon observing the officers approach him in their patrol car. The approach was justified to protect appellant's life or health (Family Ct Act § 1024), appellant having twice ignored the officers' warnings to leave a dangerous neighborhood late at night (see, Matter of Jose R., 201 AD2d 260). Since the approach was lawful, the recovery of property discarded by appellant as a result of the approach was also lawful (People v Braithwaite, 172 AD2d 548, 549, lv denied 78 NY2d 920, citing People v Leung, 68 NY2d 734). The result would be the same even if the officers had been acting not in their public service role under Family Court Act § 1024 but as enforcers of the criminal law (see, People v De Bour, 40 NY2d 210, 218), since, upon observing appellant a third time, they had an "articulable reason" to approach and inquire of him his reason for being in the area (People v Hollman, 79 NY2d 181, 191). Contrary to appellant's characterization of the police action as an "aggressive" U-turn and a "pursuit", the record shows that the approach was made in a "non-threatening" manner (supra, at 191), i.e., without sirens or flashing lights. And even if the approach were deemed unduly intense, and thus unlawful, appellant's response of running around the corner, placing the gun behind a refrigerator and then walking away showed that his discarding of the gun was not "a spontaneous reaction to a sudden and unexpected confrontation with the police" but "an independent act involving a calculated risk" "to rid himself of the weapon" (People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969; see, People v Marrero, 173 AD2d 244, 245, lv dismissed 78 NY2d 969). Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.