■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIO BATISTA, Appellant. [619 NYS2d 278] —Judgment, Supreme Court, New York County (John A.K. Bradley, J., at

suppression hearing; Juanita Bing Newton, J., at jury trial and sentence), rendered December 23, 1992, convicting defendant of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 4 to 8 years, respectively, unanimously affirmed.

The hearing court properly found that the late night observations of the police at a location known for a high incidence of drug activity, which included defendant reaching twice into the awning area of a closed store, twice exchanging something with individual members of a group of approximately 7 men who stood in a semi-circle around defendant, and then tucking something into the waistband of his pants, provided reasonable suspicion that defendant was engaged in other than innocent activity, thereby justifying police approach for inquiry (see, People v Sierra, 83 NY2d 928, 930). The rapid dispersal of the group upon the officers' approach, combined with defendant's refusal to comply with a direction to halt, gave rise to a reasonable suspicion that defendant was engaged in a drug-related crime (supra), thereby justifying the officers' brief detention of defendant (People v Martinez, 80 NY2d 444, 447). Defendant's actions in walking at least 20 feet away from the location of his furtive retrieval gestures, and apparent attempt to leave the scene, not precipitated by any unlawful police conduct, constituted an intentional abandonment of the drug stash immediately recovered (see, People v Marrero, 173 AD2d 244, lv dismissed 78 NY2d 969).

Defendant's challenge to the sufficiency of the People's proof regarding his knowledge of the aggregate weight of the controlled substance in connection with the fourth degree possession charge is not preserved as a question of law by an appropriate and timely objection to the jury charge on that count, and we decline to address it in the interest of justice (see, People v Ivey, 204 AD2d 16). Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.