■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SISNETT, Appellant. (Appeal No. 1.) [630 NYS2d 832] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of one count each of criminal possession of a controlled substance in the third and fourth degrees, defendant contends that County Court erred in denying his suppression motion. We disagree. The court properly concluded that defendant abandoned the contraband in the vacant building where the police found him following a foot chase. The fact that the contraband was hidden under carpeting in a closet in a room other than the room where defendant was found indicates that defendant had time for and engaged in reflective thought, making a "conscious calculated choice" to hide the contraband *(People v Grant,* 164 AD2d 170, 175, *lv granted* 77 NY2d 846, *appeal dismissed* 77 NY2d 926). Thus, "[r]ather than a spontaneous reaction to a sudden and unexpected confrontation with the police, the defendant's attempt to discard [the contraband] was an independent act involving a calculated risk" *(People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Defendant's reliance on *People v Howard* (50 NY2d 583, 593, *cert denied* 449 US 1023) is misplaced; here, unlike *Howard,* defendant "purposefully divested himself of possession" of the contraband.

We conclude that the proof of constructive possession of the

contraband is legally sufficient *(see generally, People v Pena,* 50 NY2d 400, 409, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087). Contrary to defendant's contention, the court properly granted the People's request to charge that the jury must, rather than may, convict if it finds that the People proved defendant's guilt beyond a reasonable doubt *(see, People v Goetz,* 73 NY2d 751, 752, *cert denied* 489 US 1053). We further conclude that the sentence is neither unduly harsh nor severe. The contention of defendant concerning the legal sufficiency of the proof of his knowledge of the weight of the controlled substance is unpreserved for our review *(see, People v Gray,* 86 NY2d 10), as are his remaining contentions raised in his *pro se* supplemental brief *(see,* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). We have reviewed the remaining preserved issue and conclude that it is without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.