(December 23, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAREY CAMPBELL, Appellant. [666 NYS2d 604] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), entered September 15, 1993, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of imprisonment of 6 years to life, unanimously reversed, on the law, defendant's motion to suppress evidence granted and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant

to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Supreme Court credited the testimony of the arresting officers that, on December 21, 1991, at approximately 10:50 P.M., the livery cab in which defendant was a passenger was stopped for a traffic infraction. The officers were in uniform, driving a marked police car and assigned to routine patrol in the Bronx. From approximately three car lengths behind, they saw the cab proceed through an intersection against a red traffic signal on Tremont Avenue. The officers pulled the vehicle over, stopping a few feet from the rear of the cab, and approached the vehicle, one on each side. The officer on the rear passenger side saw defendant open the door of the cab and step out of the vehicle, at which time the officer saw a white opaque bag with red lettering leave defendant's hand and fall to the ground. Standing about an arm's length away and believing that defendant was about to flee, the officer pushed defendant against the cab and picked up the bag. He tossed the package over the vehicle to his partner who opened it, finding two plastic bags containing a white powdery substance. Defendant was placed under arrest and searched. A gravity knife, mace and a beeper were recovered from his person. Laboratory analysis later determined that the plastic bags contained over four ounces of cocaine.

Subsequent to the arrest, the officers did not inform defendant of his *Miranda* rights. At the police station, defendant acknowledged that although he had been arrested before, he had never been charged, and asked the officers "how much time would he get." The driver of the livery cab was not issued a ticket for the alleged traffic infraction.

The defense witnesses disputed the course of events recounted by the arresting officers. The livery cab driver firmly maintained that he did not pass through a red traffic signal. Defendant asserted that he was directed to step out of the cab while one of the officers searched the back of the vehicle. Upon finding the bags containing the narcotics, defendant alleged that the officer proceeded to punch him in the stomach.

Supreme Court rejected defendant's contention that the police officers' testimony had been "tailored to nullify constitutional objections", finding that the officers had reasonable suspicion to detain defendant and search the bag. Defendant thereafter pled guilty to possession of a controlled substance in the second degree and was sentenced to 6 years to life imprisonment.

Because this Court does not regard the testimony as either incredible or patently tailored, there is no basis upon which to disturb Supreme Court's findings (*see, e.g.*, *People v Davis*, 240 AD2d 309). A police officer may pull over a vehicle for a violation of the Vehicle and Traffic Law as long as the traffic stop is not a pretext for investigating an unrelated matter (*People v Laws*, 213 AD2d 226, 227, *lv denied* 85 NY2d 975), even if the traffic stop is made by a police unit not assigned to traffic duty (*see, e.g.*, *People v Woods*, 64 NY2d 736 [traffic stop for expired registration made by anti-crime unit]). According to the facts as found by Supreme Court, the police officers acted within their authority in stopping the livery cab after witnessing it go through "a steady red light."

This Court concludes that the police officers were not justified in subjecting defendant to a forcible detention. Even crediting the officers' belief that defendant was attempting to flee, flight alone is an insufficient indication of criminality (*e.g.*, *People v Robbins*, 83 NY2d 928, 930; *People v Holmes*, 81 NY2d 1056, 1057-1058). While flight at the arrival of police officers accompanied by the deliberate discarding of incriminating evidence justifies reasonable suspicion that a crime has been or is about to be committed (*e.g.*, *People v Matienzo*, 81 NY2d 778, 780; *see also*, *People v Smith*, 220 AD2d 219, *lv denied* 87 NY2d 1025), the testimony is equivocal concerning whether the subject evidence was discarded or merely dropped. Without more, the stopping of a vehicle transporting passengers for hire for a traffic infraction does not justify the detention of a passenger (*compare, People v Giboyeaux*, 49 AD2d 519, *with People v Scott*, 166 AD2d 919, *lv denied* 77 NY2d 911). It certainly cannot be asserted as justification for the forceful detention of a passenger, as in this case.

The People also seek to sustain the search of the bag on the ground that it was purportedly abandoned by defendant when it dropped to the ground. Defendant clearly has standing to challenge the seizure of his bag and the subsequent search. The evidence establishes that defendant had a reasonable expectation of privacy in the contents of an opaque bag under his exclusive dominion and control (*People v Ramirez-Portoreal*, 88 NY2d 99, 108). Furthermore, society customarily respects the individual's right of privacy in belongings carried on his person (*supra,* at 111-112). The legitimacy of the search therefore turns on whether dropping the bag constitutes abandonment, which is established only "if the circumstances reveal a purposeful divestment of possession of the item searched" (*supra,* at 110; *People v Kelly*, 172 AD2d 458, *affd* 79 NY2d 899).

It is the People's burden to overcome the presumption against abandonment by demonstrating the intentional relinquishment of a known right (*People v Howard*, 50 NY2d 583, 593, *cert denied* 449 US 1023). By the officer's own admission, he only "saw a bag leaving [defendant's] hand and falling on to the sidewalk." But in the few seconds that elapsed from the moment defendant stepped out of the cab to the seizure of the bag, it is implausible that defendant could have demonstrated an unequivocal intention to abandon it. The police officer's testimony is equally susceptible to the interpretation that the bag fell to the ground by accident, without defendant's knowledge, requiring the conclusion that defendant retained a reasonable expectation of privacy in the contents (*People v Ramirez-Portoreal, supra*, at 110; *People v Pacheco*, 107 AD2d 473, 477, *appeal dismissed* 67 NY2d 631; *People v Kelly, supra*, at 458).

The People have failed to meet their burden to demonstrate either an unequivocal abandonment of the bag by defendant or his flight under circumstances that warrant the inference of criminality. Therefore, the evidence obtained as a result of the search should have been suppressed. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.