■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL FLYNN, Respondent. [789 NYS2d 33]—

Order, Supreme Court, Bronx County (Richard Lee Price, J.), entered on or about January 5, 2004, which granted defendant's motion to suppress physical evidence and a tape-recorded conversation made by police, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

On the night of September 28, 2002, Police Officers Graziano and Cullen were on anti-crime plainclothes patrol in the vicinity of Manhattan College in the Bronx when they observed a group of youths standing around and talking. Their attention was drawn to defendant, as he looked disheveled and older than the others. The officers also noted he was carrying a black plastic bag. Thinking that defendant may have been in an altercation with the other youths, the officers double-parked their vehicle and observed the crowd. After about two minutes, defendant turned around and saw the unmarked police car. He seemed "startled" and "shocked" and immediately dropped the bag and kicked it behind a nearby cement street barrier. Graziano called out to defendant and asked him to come over to the vehicle, which he did voluntarily. Graziano asked defendant if the plastic bag belonged to him. Defendant answered "no." Graziano asked if he had dropped the bag and defendant again answered "no." Graziano then walked over and retrieved the bag, which contained drugs and drug paraphernalia. Cullen arrested defendant, and upon searching him found marijuana, a hunting knife and cash.

When defendant was placed in the patrol vehicle, he offered Graziano half of the cash if Graziano would release him. Graziano told him to "relax, take it easy . . . we'll talk about it at the precinct." While en route, defendant expressed fear of being killed for losing the drugs and offered Graziano all of his money.

After arriving at the precinct, Graziano contacted the Internal Affairs Bureau and reported the bribe attempt. He was directed to wear a recording device and to try to get defendant to repeat the bribe offer. Defendant was not given *Miranda* warnings and was not advised the conversation was being taped. Defendant repeated the bribe offer to Graziano. After the tape was turned over to Internal Affairs, Graziano and an Internal Affairs officer returned to the holding cell where defendant was given his *Miranda* warnings and questioned about the bribery attempt.

The court initially ruled from the bench that there had been no basis for the initial intrusion, but that defendant had abandoned the bag, rendering its contents admissible. The court further ruled that defendant's statements in the car were voluntary and part of an independent crime. However, the recorded statement was suppressed on the basis that the police already had a basis to arrest defendant for bribery and were not excused from providing *Miranda* warnings. In a subsequent written order, the court reaffirmed that there had been no basis for the initial intrusion, but concluded that defendant retained an expectation of privacy in the bag despite his denial of ownership, and suppressed the bag and its contents.

The preliminary issue is whether the police conduct at the inception of this incident was proper. The standard to be applied is whether the police had an articulable basis to request information from defendant. A defendant who, upon seeing the police, acts nervously and apprehensively in conspicuously seeking to distance himself from a bag that he was observed carrying provides the police with an objective credible reason to request information (*People v Osborne,* 194 AD2d 427 [1993], *lv denied* 82 NY2d 724 [1993]). The police in this case merely asked defendant to come over to their location, which he did voluntarily. There is no indication in the record that he was not free to walk away or that the police used any coercion (*People v Montero,* 284 AD2d 159 [2001], *lv denied* 96 NY2d 904 [2001]). The intrusion was minimal and the totality of the circumstances demonstrates a valid basis for the police conduct at its inception (*People v Hollman,* 79 NY2d 181 [1992]).

The bag dropped by defendant was abandoned. In considering whether a defendant abandons property, the relevant inquiry is one of intent, i.e., did he deliberately separate himself from a bag rather than inadvertently drop it (*People v Marrero,* 173 AD2d 244 [1991], *lv dismissed* 78 NY2d 969 [1991]). Here, despite the inconsistencies in the testimony, there is no question that, upon seeing the police, defendant dropped the bag and kicked it behind a cement street barrier. Further, defendant

denied both that he dropped the bag and that the bag was his. The showing of intent required by *Marrero* has been met in this case.

Turning to the recorded statements concerning the bribery offer to the police, it has long been the rule that "[a] defendant who requests counsel after his arrest but then without provocation seeks to buy his way out by offering a bribe to the arresting officer may be questioned by the officer as to anything legitimately related to the bribe offer" (*People v Middleton,* 54 NY2d 474, 476-477 [1981]). The spontaneous statement initiated by the defendant is itself an "independent crime" (*id.* at 479) and a surreptitiously recorded confirmation is admissible where "it is a usual investigation practice to obtain such a recording" (*id.* at 480). Under the circumstances presented here, where an attorney has not been requested, it does not transgress *Miranda* to allow further investigation of the bribe offer, by electronic means, without first providing warnings. As a result, any statements made as a result of the bribe negotiations are admissible. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.