■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL McNAIR, Appellant. [846 NYS2d 341]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered February 10, 2005, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress currency found on his person.

Ordered that the judgment is affirmed.

The defendant's contention that the controlled substances recovered by the police should have been suppressed is unpreserved for appellate review, as he did not move in the trial court to suppress the controlled substances (see People v Walker, 251 AD2d 356 [1998]). In any event, the controlled substances were abandoned by the defendant and therefore admissible (see People v Oliver, 39 AD3d 880 [2007]; People v Flynn, 15 AD3d 177 [2005]). Further, the defendant's contention that the police lacked probable cause to arrest him is without merit (see People v Bittner, 97 AD2d 33, 38 [1983]). A police officer with substantial experience handling narcotics cases testified at a hearing that he observed the defendant exchanging a very distinctive blue plastic bag commonly used to package controlled substances for currency. This testimony established that the police had probable cause to arrest the defendant, and the recovery of money from him was proper as incident to his lawful arrest (see People v Jones, 13 AD3d 393 [2004]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress currency found on his person.

The defendant's challenge to the trial court's Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) is without merit. The court properly balanced the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to him and avoided any undue prejudice by precluding the prosecutor from eliciting the underlying facts or specific charges (see People v Mack, 6 AD3d 551 [2004]).

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review (*see People v Mendez,* 34 AD3d 697 [2006]). However, viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Finally, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.