THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN P. HENRY, Appellant. [902 NYS2d 742]—

Appeal from a judgment of the Supreme Court, Cayuga County (Joseph D. Valentino, J.), rendered July 1, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). The contention of defendant that the evidence is legally insufficient to support the conviction is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). Although defendant moved for a trial order of dismissal at the close of the People's

case and renewed that motion after presenting evidence, the motion was not specifically directed at the alleged error raised on appeal (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *Gray*, 86 NY2d at 19). In any event, defendant's contention is without merit. A police officer testified at trial that, when she announced her presence to defendant, she observed him make a motion after which she observed a blue container fall to the ground under the vehicle next to which defendant was standing. The officer further testified that a plastic bag containing 3.5 grams of white chunky substance was recovered on the ground in proximity to the blue container and that the substance tested positive for cocaine. Thus, " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349 [2007]; *see also People v Robinson*, 26 AD3d 202 [2006], *lv denied* 7 NY3d 762 [2006]). The further contention of defendant that Supreme Court erred in refusing to dismiss the indictment based on the legal insufficiency of the evidence before the grand jury is not reviewable on appeal from a judgment of conviction based on legally sufficient trial evidence (*see* CPL 210.30 [6]; *People v Baker*, 67 AD3d 1446 [2009], *lv denied* 14 NY3d 769 [2010]; *People v Lee*, 56 AD3d 1250, 1251 [2008], *lv denied* 12 NY3d 818 [2009]).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of defendant that he never possessed any cocaine and that he never threw anything beneath the vehicle presented credibility issues for the jury to resolve, and its credibility determinations are entitled to great deference (*see generally id.*).

Defendant failed to preserve for our review his contention that the warrant obtained by the police to search, inter alia, the vehicle next to which he was standing was not supported by probable cause (*see generally People v Kendricks*, 23 AD3d 1119 [2005]). In any event, that contention lacks merit. The warrant application was supported by the statements of multiple, experienced confidential informants with a history of reliability, and those statements indicated that the vehicle in question was used in the sale of cocaine. The police confirmed those statements with subsequent investigations and controlled buys. We thus conclude that the People satisfied both prongs of the *Aguilar-Spinelli* test by establishing that the confidential informants were reliable and had a basis of knowledge for the

information they provided (*see People v Flowers*, 59 AD3d 1141, 1142 [2009]). Defendant also failed to preserve for our review his contention that the police unconstitutionally searched him and seized the cocaine based on his compliance with the officer's directions (*see generally People v Mitchell*, 303 AD2d 422, 423 [2003], *lv denied* 100 NY2d 564 [2003], *lv denied upon reconsideration* 100 NY2d 597 [2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant expressly consented to the court's approval of the *Sandoval* compromise offered by the People, and thus he waived his contention that the *Sandoval* ruling constitutes an abuse of discretion (*see generally People v Hansen*, 95 NY2d 227, 230 n 1 [2000]). In any event, the court properly balanced the probative value of defendant's prior convictions against the risk of prejudice to defendant (*see People v McNair*, 45 AD3d 872 [2007], *lv denied* 10 NY3d 813 [2008]; *People v Alston*, 27 AD3d 1141, 1142 [2006], *lv denied* 6 NY3d 892 [2006]; *see generally People v Hayes*, 97 NY2d 203, 207-208 [2002]).

Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to object to certain testimony and to make various motions and arguments. We reject that contention. Defendant failed to demonstrate that those alleged errors were not strategic in nature (*see generally People v Rivera*, 71 NY2d 705, 709 [1988]), and mere disagreement with trial strategy is insufficient to establish that defense counsel was ineffective (*see People v Knightner*, 11 AD3d 1002, 1005 [2004], *lv denied* 4 NY3d 745 [2004]). Further, "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005]). Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.