# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

927

KA 14-01543

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                          MEMORANDUM AND ORDER

MARCOS A. MUESES, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (M. William Boller, A.J.), dated April 17, 2014. The order granted defendant's motion to suppress physical evidence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.

Memorandum: The People appeal from an order in which Supreme Court granted that part of defendant's omnibus motion seeking suppression of physical evidence on the ground that the police lacked probable cause to arrest defendant for disorderly conduct (Penal Law § 240.20 [5]). We affirm.

The suppression hearing testimony established that defendant ran across a street, causing a car to stop abruptly to avoid hitting him, and that two police officers chased defendant with the intention of charging him with disorderly conduct. The officers observed that defendant was running with a bulky object that he held in his shirt with both hands. The officers lost sight of defendant for approximately two to three minutes after he entered a yard over a locked gate, but they apprehended him on another street when he exited a vacant lot. Defendant was charged with disorderly conduct, and the officers searched the vacant lot for the bulky object and found a loaded gun wedged under a rock. Defendant admitted to the police that the gun was his. Defendant was thereafter indicted for criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). The People correctly concede that the pursuit of defendant by the police was unlawful inasmuch as defendant's actions did not constitute disorderly conduct, and they do not contest on appeal the court's determination suppressing cocaine that was retrieved from defendant's pocket. The only issue before us,

therefore, is whether the court erred in suppressing the gun.  The
People contend that because defendant had abandoned the gun, the court
should not have suppressed it.  We reject that contention.

It is well established that property seized as a result of an
unlawful pursuit must be suppressed, unless that property was
abandoned (*see People v Howard*, 50 NY2d 583, 592, *cert denied* 449 US
1023).  "Property which has in fact been abandoned is outside the
protection of the constitutional provisions . . . There is a
presumption against the waiver of constitutional rights . . . [and,
thus,] [t]he proof supporting abandonment should 'reasonably beget the
exclusive inference of . . . throwing away' " (*Howard*, 50 NY2d at 592-
593).  "The test to be applied is whether defendant's action . . . was
spontaneous and precipitated by the illegality or whether it was a
calculated act not provoked by the unlawful police activity and was
thus attenuated from it" (*People v Wilkerson*, 64 NY2d 749, 750).
Here, the court properly concluded that defendant's action was
spontaneous and precipitated by the unlawful pursuit by the police
(*see Howard* 50 NY2d at 593; *People v Hooper*, 245 AD2d 1020, 1021,
abrogated on other grounds *People v Hunter*, 17 NY3d 725, 727; *cf.
People v Boodle*, 47 NY2d 398, 402, *cert denied* 444 US 969; *People v
Johnson*, 93 AD3d 1317, 1318; *People v Sisnett*, 217 AD2d 911, 911, *lv
denied* 86 NY2d 846).  The court thus properly determined that the
People failed to establish that defendant had abandoned the gun and,
consequently, properly suppressed the gun.  We therefore dismiss the
indictment.

Entered:  October 2, 2015                      Frances E. Cafarell
                                               Clerk of the Court