People v Febo (2018 NY Slip Op 08364)





People v Febo


2018 NY Slip Op 08364


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7830 2398/12

[*1]The People of the State of New York, Respondent,
v
Willis Febo, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Justine M. Luongo and Amy Donner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered February 25, 2013, convicting him, upon his plea of guilty, of two counts of attempted criminal possession of a weapon in the second degree and three counts of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of four years, unanimously affirmed.
Defendant's suppression motion was properly denied. Defendant lacked standing to challenge the search of a backpack, which contained a revolver and ammunition, because he did not establish that he retained a reasonable expectation of privacy in the bag. As the police lawfully approached defendant, he opened the front passenger door of a driver-occupied parked car, threw the backpack inside, closed the door, and stepped away from the car. Defendant did not meet his burden of proof with respect to standing as he failed to establish any connection with the car and he could not reasonably expect that the driver and others would not have access to the bag (see People v Dingle, 254 AD2d 131 [1st Dept 1998], lv denied 93 NY2d 852 [1999]; People v DeLaCruz, 242 AD2d 410, 413 [1st Dept 1997]). Defendant's suggestion that the driver's failure to react negatively to the deposit of the bag implies some sort of bailment is speculative, and in any event would not establish a reasonable expectation of privacy.
In any event, even if defendant had standing to challenge the search, he abandoned the bag by divesting himself of it and disclaiming ownership (see People v Nobles, 63 AD3d 528 [1st Dept 2009], lv denied 13 NY3d 798 [2009]; People v Flynn, 15 AD3d 177, 178-179 [1st Dept 2005], lv denied 4 NY3d 853 [2005]), and the abandonment was not precipitated by unlawful police activity (see People v Ramirez-Portoreal, 88 NY2d 99, 110 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK