People v Guzman (2019 NY Slip Op 06172)





People v Guzman


2019 NY Slip Op 06172


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-03281
 (Ind. No. 1839/15)

[*1]The People of the State of New York, respondent,
v
Edwin Guzman, appellant.


Paul Skip Laisure, New York, NY (White & Case LLP [Raj Gandesha, Louis O'Neill, Sheryn George, and Nicole Lieberman], of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Rachel Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert A. Schwartz, J.), rendered February 27, 2017, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence. 
ORDERED that the judgment is affirmed.
We agree with the hearing court's determination denying that branch of the defendant's omnibus motion which was to suppress the money recovered from the defendant upon his arrest. "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Hobson, 111 AD3d 958, 959; see People v Prochilo, 41 NY2d 759, 761). Contrary to the defendant's contention, there is no basis to disturb the hearing court's credibility determinations in this case (see People v Kelly, 131 AD3d 484, 485; People v Glenn, 53 AD3d 622, 624). At the hearing, Police Officer Sciame, trained and experienced in the detection of narcotics transactions, testified that, on March 17, 2015, he and his partner were in plainclothes in an unmarked police car when he observed the defendant, who was approximately 25 to 30 feet away, give a glassine envelope to a known drug user in exchange for money. The officer also testified that when he and his partner approached the two individuals, his partner observed the known drug user toss the glassine envelope on the ground. The officer's partner then immediately recovered the envelope and informed Sciame of what had just occurred. This testimony, which the hearing court fully credited, established that the police had probable cause to arrest the defendant (see People v McRay, 51 NY2d 594, 604; People v McCants, 67 AD3d 821, 822-823). The police officer's recovery of the money from the defendant was proper as an incident to the defendant's lawful arrest (see People v McNair, 45 AD3d 872, 872).
The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v [*2]Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court deprived him of a fair trial because it denied his request to dismiss the entire prospective jury panel is without merit (see People v Albano, 13 AD3d 462, 463; People v Singleton, 226 AD2d 565, 566).
The defendant waived his right to object that the comments of one prospective juror, who was later excused, tainted or improperly influenced the jury. Defense counsel expressly declined the Supreme Court's offer to provide a curative instruction to the remaining prospective jurors and to explore any bias which such prospective jurors may have developed as a result of the comment (see People v Armstrong, 138 AD3d 877, 879).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court