People v Collins (2020 NY Slip Op 03852)





People v Collins


2020 NY Slip Op 03852


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


11781 1363/15

[*1] The People of the State of New York, Respondent,
v
Daquan Collins, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Rachel L. Pecker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered June 21, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and criminal possession of a firearm, and sentencing him to 5 years' probation, unanimously reversed, on the law, defendant's suppression motion granted, and the indictment dismissed.
"Police pursuit is regarded as significantly impeding a person's freedom of movement, thus requiring justification by reasonable suspicion that a crime has been, is being, or is about to be committed" (People v Thornton, 238 AD2d 33, 36 [1st Dept 1998]). By contrast, "mere surveillance need not be justified by reasonable suspicion" (id.).
Although the police actions began as permissible observation, while following defendant slowly in their car without turning on their lights or sirens (see People v Quentin F., 177 AD3d 439 [1st Dept 2019]; Thornton, 238 AD2d at 36; Matter of Jaime G., 208 AD2d 382 [1st Dept 1994]), observation gave way to pursuit when the officers turned on their lights and sirens to cross the street against traffic and pull up ahead of defendant. Even crediting one of the officer's testimony that his intent was to get a better view and alert oncoming traffic, not to cut off, block, or alarm defendant, the objective impact of this maneuver was "intimidating" and communicated "an attempt to capture or . . . intrude upon [defendant's] freedom of movement" (Michigan v Chesternut, 486 US 567, 575 [1988]).
Because it is undisputed that the circumstances before this police activity were not sufficient to create reasonable suspicion, it was unlawful and could not be validated by any subsequently acquired suspicion (see People v William II, 98 NY2d 93, 98 [2002]). When defendant discarded a handgun during the course of the illegal pursuit, he did not voluntarily abandon it and it should have been suppressed (see People v Bilal, 170 AD3d 83, 93-95 [1st Dept 2019], appeal dismissed 34 NY3d 1085 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK