People v Harper (2022 NY Slip Op 07380)

People v Harper

2022 NY Slip Op 07380

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

897 KA 22-00228

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
FLOYD HARPER, DEFENDANT-RESPONDENT. 

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR APPELLANT. 
ANDREW D. FISKE, BUFFALO, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Erie County Court (Susan M. Eagan, J.), dated February 3, 2022. The order granted that part of defendant's omnibus motion seeking to suppress physical evidence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking suppression of physical evidence—i.e., a gun—that was recovered from the street along a route driven by defendant before a traffic stop. We affirm.
At the suppression hearing, the testifying officer (officer) stated that he observed a vehicle being driven by defendant commit several Vehicle and Traffic Law violations. While pursuing the vehicle, the officer saw it swerve over to the left side of the road and then return back to the right side of the road, but did not see the vehicle's doors open or observe anything being thrown from the vehicle. Following the traffic stop, two other officers located a gun. The officer testified that the gun was located in the area where the vehicle swerved. However, the officer also testified that he did not know specifically where the gun was found and was not one of the officers who located the gun.
The People contend that County Court should have refused to suppress the gun because defendant abandoned it before any improper police conduct allegedly occurred. We reject that contention. "It is well established that property seized as a result of . . . unlawful [police conduct] must be suppressed, unless that property was abandoned" (People v Mueses, 132 AD3d 1257, 1258 [4th Dept 2015]; see People v Howard, 50 NY2d 583, 592 [1980], cert denied 449 US 1023 [1980]; People v Jones, 174 AD3d 1532, 1534 [4th Dept 2019], lv denied 34 NY3d 982 [2019]). "A defendant abandons property when he [or she] voluntarily relinquishes possession in a 'calculated decision' in response to police conduct" (People v Oliver, 39 AD3d 880, 880 [2d Dept 2007], lv dismissed 9 NY3d 868 [2007], quoting People v Ramirez-Portoreal, 88 NY2d 99, 110 [1996]; see People v Rainey, 110 AD3d 1464, 1466 [4th Dept 2013]). On the issue of abandonment, the People have the "burden to demonstrate that defendant's action in discarding the property . . . was a voluntary and intentional act constituting a waiver of the legitimate expectation of privacy" (Ramirez-Portoreal, 88 NY2d at 108; see Howard, 50 NY2d at 593; see generally Rainey, 110 AD3d at 1466).
Here, we conclude that the People did not meet their burden of establishing that defendant abandoned the gun (see generally Ramirez-Portoreal, 88 NY2d at 108; Oliver, 39 AD3d at 880; People v Campbell, 245 AD2d 191, 194 [1st Dept 1997]). "There is a presumption against the waiver of constitutional rights[, and] . . . [t]he proof supporting abandonment should 'reasonably beget the exclusive inference of . . . throwing away' " (Howard, 50 NY2d at 593). [*2]At the suppression hearing, the People adduced no evidence directly connecting defendant to the gun found on the street. Although, as noted, the officer testified that he saw defendant's vehicle swerve near the area where the gun was purportedly recovered, he also testified that, while following defendant's vehicle, he never saw its doors open and never saw anything ejected from inside the vehicle. In short, there was no testimony establishing that defendant actually discarded the gun from the vehicle, let alone evidence that
" 'reasonably beget[s] the exclusive inference' " that defendant threw away the gun (id.; cf. People v Davis, 199 AD3d 1331, 1332 [4th Dept 2021], lv denied 38 NY3d 926 [2022]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court