People v Wright (2023 NY Slip Op 01388)

People v Wright

2023 NY Slip Op 01388

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

96 KA 17-00562

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEVI WRIGHT, JR., DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered December 2, 2016. The judgment convicted defendant upon a jury verdict of burglary in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), assault in the second degree and criminal use of a firearm in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of burglary in the first degree (Penal Law § 140.30 [1], [2]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), and one count each of assault in the second degree (§ 120.05 [2]) and criminal use of a firearm in the first degree (§ 265.09 [1]). Defendant's challenge to the legal sufficiency of the evidence supporting his conviction of the burglary in the first degree counts is unpreserved for our review because "his motion for a trial order of dismissal was not specifically directed at th[e] alleged shortcoming[s] in the evidence" (People v Vail, 174 AD3d 1365, 1366 [4th Dept 2019] [internal quotation marks omitted]; see People v Lasher, 163 AD3d 1424, 1425 [4th Dept 2018], lv denied 32 NY3d 1005 [2018]). Viewing the evidence in light of the elements of the crime of burglary in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to those counts is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, an acquittal would have been unreasonable on this record (see generally People v Bradley, 204 AD3d 1420, 1420 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]; People v Isaac, 195 AD3d 1410, 1410 [4th Dept 2021], lv denied 37 NY3d 992 [2021]).
Defendant expressly consented to County Court's Sandoval compromise, and thus he waived his contention that the Sandoval ruling constitutes an abuse of discretion (see People v Henry, 74 AD3d 1860, 1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]; see generally People v Hansen, 95 NY2d 227, 230 n 1 [2000]). Contrary to defendant's contention, his sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court