People v Spencer (2024 NY Slip Op 01448)

People v Spencer

2024 NY Slip Op 01448

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

878 KA 18-01518

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN H. SPENCER, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT.
JOHN H. SPENCER, DEFENDANT-APPELLANT PRO SE. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 18, 2018. The judgment convicted defendant upon a jury verdict of sex trafficking (eight counts), promoting prostitution in the second degree (three counts), assault in the third degree (three counts), assault in the second degree (two counts), robbery in the second degree (two counts), unlawful imprisonment, menacing in the second degree, promoting prostitution in the third degree and permitting prostitution. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of promoting prostitution in the second degree under counts 15 and 24 of the indictment and dismissing those counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, eight counts of sex trafficking (Penal Law § 230.34 [4], [5] [a], [c], [h]), three counts of promoting prostitution in the second degree (§ 230.30 [1]), and one count of promoting prostitution in the third degree (§ 230.25 [1]).
Defendant contends in his main brief that Supreme Court abused its discretion in its Sandoval ruling. Defendant expressly consented to the court's Sandoval compromise, however, and thus he waived that contention (see People v Wright, 214 AD3d 1327, 1328 [4th Dept 2023], lv denied 39 NY3d 1158 [2023], reconsideration denied 40 NY3d 953 [2023]; People v Henry, 74 AD3d 1860, 1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]).
Defendant also contends in his main brief that the court's Molineux ruling was an abuse of discretion to the extent that the court permitted the People to elicit testimony that defendant had previously been to prison and was a known drug dealer. We reject that contention. The testimony that defendant had previously been incarcerated was relevant to the victims' state of mind, and six of the sex trafficking charges of which defendant was convicted contained an element of compulsion or coercion based upon fear of reprisal from defendant (see Penal Law § 230.34 [5] [a], [c], [h]; see generally People v Bradford, 118 AD3d 1254, 1256 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). Similarly, the testimony that defendant was a known drug dealer was necessary to complete the narrative of the victims' testimony and was inextricably interwoven with the evidence of the crimes charged (see People v Resek, 3 NY3d 385, 389-390 [2004]). Further, we conclude that the challenged Molineux evidence was highly probative and that the probative value of that evidence was not outweighed by its potential for prejudice (see generally People v Alvino, 71 NY2d 233, 242 [1987]). Moreover, the court minimized the prejudicial effect of the Molineux evidence by providing appropriate limiting instructions to the jury (see generally People v Morris, 21 NY3d 588, 598 [2013]).
Defendant further contends in his main brief that the evidence is legally insufficient to support his conviction of eight counts of sex trafficking, three counts of promoting prostitution in the second degree, and one count of promoting prostitution in the third degree. To the extent that defendant preserved his contention for our review, we conclude that it is without merit. Viewing the facts "in a light most favorable to the People," we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]). Contrary to defendant's further contention in his main brief, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]). We also reject defendant's contention in his main brief that the sentence is unduly harsh and severe.
Contrary to defendant's contention in his pro se supplemental brief, we conclude that there is "nothing in the record to indicate that defendant was deprived of meaningful representation" at any stage of the proceedings (People v Eckerd, 161 AD3d 1508, 1509 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). We note, however, that count 15 of the indictment, charging defendant with promoting prostitution in the second degree (Penal Law § 230.30 [1]), is an inclusory concurrent count of sex trafficking as charged in counts 12, 13, and 14 (§ 230.34 [5] [a], [c], [h]; see generally CPL 1.20 [37]; 300.30 [4]). Similarly, count 24 of the indictment, charging defendant with promoting prostitution in the second degree, is an inclusory concurrent count of sex trafficking as charged in counts 21, 22, and 23. We therefore conclude that counts 15 and 24 must be dismissed as a matter of law because defendant was found guilty of counts 12 through 14 and 21 through 23, and "a verdict of guilty upon the greater [counts] is deemed a dismissal of every lesser [inclusory concurrent count]" (People v Wright, 85 AD3d 1642, 1643 [4th Dept 2011], lv denied 17 NY3d 863 [2011] [internal quotation marks omitted]). We have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court