People v Johnson (2021 NY Slip Op 06190)





People v Johnson


2021 NY Slip Op 06190


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2019-05392
 (Ind. No. 18-00177)

[*1]The People of the State of New York, respondent,
v
Antoine Johnson, appellant.


Michele Marte-Indzonka, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William L. DeProspo, J.), rendered April 9, 2019, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 564-565; People v Coplin, 194 AD3d 739, 739; People v Smith, 186 AD3d 872, 873). Thus, the defendant's valid waiver of his right to appeal precludes appellate review of his contentions that his sentence was excessive (see People v Lopez, 6 NY3d 248, 255-256; People v Batista, 167 AD3d 69, 75), that his plea allocution was factually insufficient (see People v Principato, 194 AD3d 851, 851; People v Elgut, 164 AD3d 1360, 1360), and that the procedure used to adjudicate him a second felony offender was defective (see People v Meyers, 172 AD3d 1236, 1237; People v Hicks, 134 AD3d 854). To the extent that the defendant's ineffective assistance of counsel claim directly involves the voluntariness of his plea and survives the valid waiver of his right to appeal (see People v Petgen, 55 NY2d 529, 535 n 3; People v Rodriguez, 194 AD3d 1078, 1078-1079), this argument is belied by the defendant's statements during the plea proceeding. The defendant acknowledged under oath that he had enough time to discuss his plea with his attorney, that he was satisfied with his attorney's representation, and that he had not been forced into pleading guilty (see People v Vicente, 167 AD3d 951, 952; People v Ward, 140 AD3d 903, 904).
The defendant contends that the County Court erred in failing to conduct a further inquiry into the validity of the plea because his statements during his plea allocution and presentence interview negated an essential element of robbery in the second degree. This contention is without merit, as the defendant's statements did not negate an element of robbery in the second degree (see Penal Law §§ 155.05[1]; 160.00[2]; 160.10[1]).
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court