People v Tenesaca (2021 NY Slip Op 06377)





People v Tenesaca


2021 NY Slip Op 06377


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-13163
 (Ind. No. 4/19)

[*1]The People of the State of New York, respondent,
v
Silvio Tenesaca, appellant.


Del Atwell. East Hampton, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (David A. Rosenberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered November 6, 2019, convicting him of vehicular manslaughter in the second degree and driving while intoxicated, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to vehicular manslaughter in the second degree and driving while intoxicated and was sentenced in accordance with the plea agreement. On appeal, he challenges certain of the County Court's suppression rulings and its purported failure to conduct a Sandoval hearing (see People v Sandoval, 34 NY2 371) at which the defendant was present. He also argues that he was denied the effective assistance of counsel because his attorney was unsuccessful in moving to suppress a toxicology report. The People assert that appellate review of the defendant's contentions is precluded by his waiver of the right to appeal.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of his right to appeal precludes appellate review of his challenges to the County Court's suppression determinations (see People v Kemp, 94 NY2d 831, 833; People v Yanes-Santos, 189 AD3d 1621, 1621-1622), the purported Sandoval error (see People v Jessamy, 137 AD3d 1056; People v Henderson, 233 AD2d 253, 253-254), and his claim of ineffective assistance of counsel, since his claim does not implicate the voluntariness of his plea (see People v Williams, 165 AD3d 1183, 1183; People v Castillo, 161 AD3d 1099, 1100).
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court