People v Stevens (2022 NY Slip Op 01815)





People v Stevens


2022 NY Slip Op 01815


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-00350
 (Ind. No. 102/18)

[*1]The People of the State of New York, respondent,
v
Rasha T. Stevens, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered December 21, 2018, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and two codefendants were indicted for one count of criminal possession of a controlled substance in the first degree. The charge arose from the stop of a car in which the defendant was a passenger, on the Taconic State Parkway, in the Town of Pleasant Valley, in July 2018. The police discovered more than eight ounces of cocaine in a bag in the car.
Several months after the defendant's arrest, on November 30, 2018, the defendant entered a plea of guilty to a reduced charge, criminal possession of a controlled substance in the second degree, and waived his right to appeal, in exchange for a negotiated sentence.
At the plea proceeding, after the County Court addressed, among other issues, the trial rights the defendant would automatically forfeit by pleading guilty, and whether he was satisfied with his attorney's representation, the court discussed the defendant's waiver of his right to appeal. The court began by explaining that, ordinarily, a defendant who pleads guilty still retains the right to appeal; however, the defendant was being asked, in this case, to waive that right. The court then stated that an appeal was "a proceeding before a higher court," where the defendant could "argue that an error took place in this court which requires a modification or a reversal of a conviction." The court further noted that, when a defendant cannot afford to hire a lawyer to pursue an appeal, the State bears those costs.
The County Court went on to explain that, by waiving his right to appeal, the defendant was not "giv[ing] up his right to take an appeal," but that the effect of the waiver was that "most claims of error," including whether the sentence imposed was excessive, would not be considered by the appellate court. Thus, the court advised the defendant, the "conviction from this plea and sentence will normally be final." The defendant confirmed that he understood all of this, that he had spoken with his attorney about the waiver, and that he was willing to waive his right to [*2]appeal in exchange for the negotiated plea and sentence.
At the defendant's sentencing, he admitted that in 2015 he was convicted, in New York County, of criminal possession of a weapon in the second degree, a class C violent felony offense. Accordingly, the County Court adjudicated him a second felony drug offender with a prior conviction of a violent felony offense. The court imposed the promised sentence. The defendant appeals, contending that the waiver of his right to appeal was invalid and that his sentence is excessive and should be reduced.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). By following the Model Colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee—a practice specifically endorsed by this Court in People v Batista (167 AD3d 69, 77-78), and by the Court of Appeals in People v Thomas (34 NY3d at 567)—the County Court ensured that the defendant understood, most significantly, that the waiver of his right to appeal was distinct from the trial rights that would be automatically forfeited as a consequence of his plea of guilty (see People v Brown, 122 AD3d 133, 137), and that the waiver of the right to appeal is not an "absolute bar" to taking an appeal (People v Thomas, 34 NY3d at 558). With respect to the latter point, the court's colloquy made clear that the appeal waiver did not preclude the defendant from taking an appeal. But, if he did take an appeal, "most claims of error" would not be reviewable, and, therefore, his conviction and sentence "normally [would] be final" (emphasis added; see People v Thomas, 34 NY3d at 567). Thus, the court effectively conveyed to the defendant that some issues would survive his appeal waiver (see People v Lopez, 199 AD3d 704).
Contrary to the defendant's contention, it was not necessary for the County Court to specifically delineate the various issues that survive a valid appeal waiver (see People v Thomas, 34 NY3d at 567; People v Lopez, 199 AD3d 704; People v Batista, 167 AD3d at 77-78). Notably, in the iteration of the model appeal waiver colloquy embraced in Batista and Thomas, enumerating those issues—a defendant's competency to stand trial, his constitutional right to a speedy trial, the voluntariness of the plea, the validity of the appeal waiver, and the legality of the sentence imposed—was deemed optional (see People v Batista, 167 AD3d at 77). It is true that, after Thomas was decided, the "optional" designation for that portion of the colloquy was removed, though the defendant's competency and constitutional speedy trial issues are suggested for inclusion only "if [they are] an issue in the case" (NY Model Colloquies, Waiver of Right to Appeal). But since this Court and the Court of Appeals recommended that courts utilize the previous version of the model colloquy, the fact that a slight revision has been made is of little moment. Certainly a model colloquy can be periodically revised without rendering prior versions defective.
Indeed, model colloquies "are only intended as a guide to the Trial Justice, and need not be strictly adhered to" (Kunnemeyer v Long Is. R.R., 202 AD3d 74, 86 [internal quotation marks omitted]; see also People v Bradshaw, 18 NY3d 257, 265). And, in some circumstances, a court might feel that it is appropriate to advise the defendant of a particular issue, or issues, that survives an appeal waiver. But here, most of these issues were of no relevance and, therefore, the County Court could reasonably have concluded there was no point in discussing them. For example, the defendant pleaded guilty within a few months of his arrest; thus, he did not have a viable constitutional speedy trial claim to pursue on appeal (cf. People v Wiggins, 31 NY3d 1, 19). And, having declined to raise any objections to his predicate status, the defendant's sentence, which was within the statutory range, was not illegal (see Penal Law §§ 70.71[4][b][ii]; 220.18; CPL 400.21). Moreover, nothing in the record suggests that the defendant had any competency issues.
As to the "voluntariness of the plea and appeal waiver" (People v Christopher B., 184 AD3d 657, 658), these are issues that would seem, in most cases, to be best addressed by counsel, who, having participated in the plea proceeding, can advise the defendant regarding whether any viable appellate issues along these lines exist (see Strickland v Washington, 466 US 668, 690).
In short, we conclude that the County Court's colloquy in this case was more than [*3]adequate to ensure that the defendant knowingly, intelligently, and voluntarily waived his right to appeal. Contrary to the defendant's further contention, it is well settled that a written waiver form is not required for an appeal waiver to be valid (see People v Brown, 122 AD3d at 138-139).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court