People v Rosario (2022 NY Slip Op 02291)

People v Rosario

2022 NY Slip Op 02291

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2018-06271
 (Ind. No. 17-00147)

[*1]The People of the State of New York, respondent,
v
Jesus Rosario, appellant.

Jason M. Bernheimer, Valhalla, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered December 14, 2017, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was a passenger in a vehicle that was lawfully stopped for running a stop sign. When the police officer approached the vehicle, he saw the defendant quickly inserting glassine bags of what the officer suspected contained heroin into his pants pocket. The officer asked the defendant to step out of the vehicle, and the defendant complied. The officer then searched the defendant and recovered glassine bags containing heroin from the defendant's pants pocket and an inside jacket pocket. The County Court, after a hearing, denied that branch of the defendant's omnibus motion which was to suppress the heroin.
The defendant's waiver of his right to appeal, the validity of which he does not challenge, precludes appellate review of his challenge to the County Court's suppression determination (see People v Tennant, 191 AD3d 906; People v Hobbs, 167 AD3d 1038), as well as his claim of ineffective assistance of counsel, since his claim does not implicate the voluntariness of his plea (see People v Tenesaca, 199 AD3d 941; People v Monroe, 174 AD3d 649, 650; People v Williams, 135 AD3d 1183, 1184).
The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent because the County Court changed the promised sentence to a greater term of imprisonment shortly before the defendant's plea allocution as a consequence of him being 40 minutes late in appearing for the plea hearing due to car trouble. This contention is unpreserved for appellate review, since the defendant did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v Monroe, 174 AD3d at 650). Moreover, the exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the [*2]voluntariness of his plea (see id.; People v Duncan, 78 AD3d 1193, 1194). The defendant's valid waiver of his right to appeal further prevents this Court from modifying the defendant's sentence in the interest of justice (see People v Lopez, 6 NY3d 248, 254; People v Murray, 63 AD2d 708).
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court