People v McIntyre (2022 NY Slip Op 05334)

People v McIntyre

2022 NY Slip Op 05334

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-09008
 (Ind. No. 1733/18)

[*1]The People of the State of New York, respondent,
v
Ulysses L. McIntyre, appellant.

Del Atwell, East Hampton, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mark Cohen, J.), rendered November 2, 2020, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of his right to appeal, the validity of which he does not challenge, precludes appellate review of his contention that the procedure used to adjudicate him a predicate felony offender was defective (see People v Leon, 200 AD3d 717; People v Meyers, 172 AD3d 1236, 1237; People v Thomas, 148 AD3d 734).
To the extent the defendant contends that his plea of guilty was involuntary, this contention survives the valid waiver of the right to appeal, but is unpreserved for appellate review as the defendant did not move to withdraw his plea on this ground or otherwise raise this issue before the Supreme Court (see People v Jensen, 205 AD3d 926, 926-927). In any event, the record establishes that the defendant's plea was made knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's valid waiver of his right to appeal further precludes appellate review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his plea (see People v Rosario, 204 AD3d 703; People v Tenesaca, 199 AD3d 941, 942; People v Brown, 170 AD3d 878, 879). To the extent the defendant contends that the alleged ineffective assistance of counsel impacted the voluntariness of his plea, "the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Brown, 170 AD3d at 879).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court