People v Lopez (2022 NY Slip Op 06140)

People v Lopez

2022 NY Slip Op 06140

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-00614
 (Ind. No. 759/19)

[*1]The People of the State of New York, respondent,
v
Yen S. Lopez, appellant.

Del Atwell, East Hampton, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jonathan D. Estreich and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 12, 2019, convicting him of criminal contempt in the first degree (two counts) and criminal contempt in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 341-342; People v Stevens, 203 AD3d 958, 959). Contrary to the defendant's sole contention about the validity of the waiver of the right to appeal, "a written waiver form is not required for an appeal waiver to be valid" (People v Stevens, 203 AD3d at 960; see People v Lopez, 6 NY3d 248, 257).
Since the defendant validly waived his right to appeal, appellate review of his contention that the procedure used to adjudicate him a second felony offender was defective is precluded (see People v Moye, 170 AD3d 1198, 1199; People v Saliani, 163 AD3d 854, 855), as his challenge merely addresses the adequacy of the procedures used by the County Court to arrive at its sentence determination (see People v Johnson, 199 AD3d 832, 833; People v Hicks, 134 AD3d 854, 854). Likewise, appellate review of the defendant's claim of ineffective assistance of counsel also is precluded by his valid waiver of the right to appeal since his claim does not implicate the voluntariness of his plea (see People v Rosario, 204 AD3d 703, 703; People v Tenesaca, 199 AD3d 941, 942).
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court