People v Hill (2023 NY Slip Op 02538)

People v Hill

2023 NY Slip Op 02538

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-01793
 (Ind. No. 717/19)

[*1]The People of the State of New York, respondent,
v
Aubrey Hill, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan, Glenn Green, and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered January 7, 2021, convicting him of attempted burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arrested and charged with burglarizing four separate dwellings in Suffolk County between December 2018 and January 2019. One of the dwellings belonged to a married couple, who were an assistant district attorney employed by the Suffolk County District Attorney's Office and a former assistant district attorney in that office. Based on this fact, the defendant moved to disqualify the Suffolk County District Attorney's Office from his case and for the appointment of a special prosecutor. The County Court denied the motion and, upon renewal, adhered to its determination. The court also denied those branches of the defendant's omnibus motion which were to suppress physical evidence on the ground that the defendant's arrest was unlawful and to suppress statements he made to law enforcement officials on the ground that they were the product of custodial interrogation conducted in the absence of Miranda warnings (see Miranda v Arizona, 384 US 436).
Thereafter, the defendant pleaded guilty to two counts of attempted burglary in the second degree. As a condition of his plea, the defendant waived his right to appeal. The County Court subsequently imposed sentence, and the defendant appeals.
"[T]he right to appeal may be waived as a condition of a sentence or plea bargain" (People v Seaberg, 74 NY2d 1, 5; see People v Batista, 167 AD3d 69, 73). Although "no particular litany is required to obtain a valid appeal waiver" (People v Batista, 167 AD3d at 77), a waiver of the right to appeal is only effective so long as the record demonstrates that it was "voluntary, knowing and intelligent" (People v Calvi, 89 NY2d 868, 871).
Based on the totality of the circumstances, including the defendant's age, experience, and background, the waiver of the right to appeal in this case was knowing, voluntary, and intelligent (see People v Thomas, 34 NY3d 545, 559-563; People v Lopez, 6 NY3d 248, 254-255; People v [*2]Batista, 167 AD3d at 71-73; People v Sanders, 112 AD3d 748, 750, affd 25 NY3d 337). During the colloquy with the defendant, the County Court distinguished the right to appeal from other rights automatically forfeited as a consequence of pleading guilty, and accurately described the essential nature of an appeal and the effect of a waiver (see People v Green, 173 AD3d 1202; People v Koch, 168 AD3d 977, 978). The defendant's valid waiver of the right to appeal precludes appellate review of his challenges to the court's suppression rulings (see People v Tenesaca, 199 AD3d 941, 942; People v Tennant, 191 AD3d 906, 907; People v Matos, 176 AD3d 976).
Under the circumstances of this case, the County Court did not err in denying the defendant's motion to disqualify the Suffolk County District Attorney's Office and for the appointment of a special prosecutor. The defendant's further contention that the denial of that motion rendered his plea of guilty involuntary is unpreserved for appellate review (see People v Williams, 27 NY3d 212, 221-222; People v Peque, 22 NY3d 168, 182; People v Jensen, 205 AD3d 926, 926-927) and, in any event, without merit (see People v Campbell, 197 AD3d 482, 483; People v Ospina, 175 AD3d 513, 514).
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court