People v Bynum (2024 NY Slip Op 03491)

People v Bynum

2024 NY Slip Op 03491

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07917
 (Ind. No. 70101/21)

[*1]The People of the State of New York, respondent,
v
Richard E. Bynum, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Caren C. Manzello and Michelle Kaszuba of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony S. Senft, Jr., J.), rendered July 13, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Based on the totality of the circumstances, including the defendant's age, experience, and background, the waiver of the right to appeal in this case was knowing, voluntary, and intelligent (see People v Thomas, 34 NY3d 545, 559-563; People v Lopez, 6 NY3d 248, 254-255; People v Hill, 216 AD3d 817).
The defendant's contention that his plea was involuntary is unpreserved for appellate review as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Peque, 22 NY3d 168, 182; People v Lopez, 71 NY2d 662, 665). Contrary to the defendant's contention, this is not one of the rare cases where the defendant lacked a reasonable opportunity to object to a fundamental defect in the plea which was clear on the face of the record and to which the court's attention should have been instantly drawn (see People v Williams, 27 NY3d 212, 221-222; People v Karadag, 181 AD3d 620, 620).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court