People v Barksdale (2024 NY Slip Op 05109)

People v Barksdale

2024 NY Slip Op 05109

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-06272
 (Ind. No. 28/19)

[*1]The People of the State of New York, respondent,
v
Tatia Barksdale, appellant.

Carol Kahn, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered May 31, 2023, convicting her of criminal possession of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, under the circumstances of this case, the record demonstrates that she knowingly, voluntarily, and intelligently waived her right to appeal (see People v Stevens, 203 AD3d 958, 959; People v D'Amico, 194 AD3d 742). The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255). Likewise, the defendant's valid waiver of her right to appeal precludes appellate review of her claim of ineffective assistance of counsel, since her claim does not implicate the voluntariness of her plea (see People v Lopez, 210 AD3d 700, 701; People v Tenesaca, 199 AD3d 941, 942).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court