People v Feliz (2024 NY Slip Op 05223)

People v Feliz

2024 NY Slip Op 05223

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-03966
 (Ind. No. 639/21)

[*1]The People of the State of New York, respondent,
v
Alexander Feliz, appellant.

Patricia Pazner, New York, NY (Elijah Giuliano of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Dallas S. Droz on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Michael J. Yavinsky, J.), imposed April 27, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's waiver of his right to appeal was effective. The Supreme Court properly advised the defendant, among other things, that the waiver of the right to appeal was separate and distinct from the waiver of a trial (see People v Brown, 122 AD3d 133, 137), and that the waiver of the right to appeal did not preclude him from taking an appeal (see People v Thomas, 34 NY3d 545, 558). Regarding the right to take an appeal, the court was clear that "most claims of error" would not be reviewable (see id. at 567). Thus, the defendant was aware that some issues would survive his appeal waiver (see People v Stevens, 203 AD3d 958).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256).
IANNACCI, J.P., GENOVESI, DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court