People v Bellamy (2025 NY Slip Op 01102)

People v Bellamy

2025 NY Slip Op 01102

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-05843
 (Ind. No. 61/21)

[*1]The People of the State of New York, respondent,
v
Reges L. Bellamy, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered March 30, 2022, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In February 2022, the defendant was convicted of criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]), upon his plea of guilty, and was thereafter sentenced to a determinate term of imprisonment of eight years, to be followed by five years of postrelease supervision. To the extent that the defendant contends that his plea of guilty was involuntary, this contention survives his valid waiver of the right to appeal, but is unpreserved for appellate review as the defendant did not move to withdraw his plea on this ground or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Gang, 225 AD3d 625, 626). In any event, the record establishes that the defendant's plea was made knowingly, voluntarily, and intelligently (see People v Tyrell, 22 NY3d 359, 365; People v Fiumefreddo, 82 NY2d 536, 543).
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Hendricks, 224 AD3d 705, 705-706; People v Batista, 167 AD3d 69, 73-74), thereby precluding appellate review of his contention that the sentence imposed was excessive (see People v Batista, 167 AD3d at 75; People v Hallums, 158 AD3d 819, 819).
The defendant's valid waiver of his right to appeal also precludes appellate review of his claim of ineffective assistance of counsel, except to the extent that the defendant alleges that his plea was involuntary due to ineffective assistance of counsel (see People v Chacon-Diaz, 203 AD3d 846, 846; People v Brown, 170 AD3d 878, 879). However, that contention is without merit. "[T]he record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v McIntyre, 208 AD3d 1365, 1366 [internal quotation marks omitted]).
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court