People v Leslie (2025 NY Slip Op 05531)

People v Leslie

2025 NY Slip Op 05531

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2024-04644
 (Ind. No. 73036/22)

[*1]The People of the State of New York, respondent,
v
Arthur Leslie, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Susan Cacace, District Attorney, White Plains, NY (Amie M. Johnson and Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered May 23, 2024, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a weapon in the second degree, upon his plea of guilty. Prior to sentencing, the defendant moved to withdraw his plea. The County Court denied the defendant's motion without a hearing. The defendant was thereafter sentenced as a second violent felony offender. The defendant appeals.
The defendant contends that the record does not demonstrate that he knowingly, intelligently, and voluntarily pleaded guilty to criminal possession of a weapon in the second degree, and that his motion to vacate his plea should have been granted. The Court of Appeals has stated that there is "'no catechism . . . required in connection with the acceptance of a plea'" (People v Marinos, 209 AD3d 875, 875, quoting People v Goldstein, 12 NY3d 295, 301). Additionally, "'[a]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime'" (People v Javiel, 231 AD3d 967, 967, quoting People v Goldstein, 12 NY3d at 301). For a negotiated plea, an allocution is sufficient if it "'shows that the defendant understood the charges and made an intelligent decision to enter a plea'" (id.). Moreover, "'[a] motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of discretion'" (People v De La O Achiardi, 235 AD3d 775, 775, quoting People v Balbuenatorres, 179 AD3d 828, 829).
Here, viewing the record as a whole, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Javiel, 231 AD3d at 967, citing People v Goldstein, 12 NY3d at 301). Moreover, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (see People v De La O Achiardi, 235 AD3d at 776, citing People v Lopez, 200 AD3d 717, 718 and People v Jamison, 197 AD3d 569, 570).
The defendant's challenge to the procedure used to adjudicate him a second violent felony offender (see Penal Law § 70.04) is barred by his valid waiver of the right to appeal (see People v Lopez, 210 AD3d 700; People v Moye, 170 AD3d 1198, 1199; People v Saliani, 163 AD3d 854, 855). Contrary to the defendant's contention, his appeal waiver was not made part and parcel of the trial rights the defendant was waiving by pleading guilty. Rather, the County Court only discussed the waiver of the right to appeal after it had explained the trial rights the defendant was waiving. The court also explained to the defendant that despite his waiver of his right to appeal, he would retain certain appellate rights.
The defendant's remaining contention is without merit.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court