People v Nesbitt (2025 NY Slip Op 07316)

People v Nesbitt

2025 NY Slip Op 07316

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-05299
 (Ind. No. 70307/19)

[*1]The People of the State of New York, respondent,
v
Edward Nesbitt, appellant.

Arza Feldman, Manhasset, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Teresa K. Corrigan, J., at plea; William J. O'Brien, J., at sentence), rendered May 22, 2023, convicting him of grand larceny in the third degree and criminal possession of a forged instrument in the third degree, upon his plea of guilty, and imposing sentence. By decision and order dated April 30, 2025, this Court remitted the matter to the County Court, Nassau County, for further proceedings on the defendant's application to withdraw his plea of guilty, and thereafter for the submission of a report by the County Court on its findings with respect to the application and whether the defendant established his entitlement to the withdrawal of his plea of guilty (see People v Nesbitt, 237 AD3d 1228, 1228). The appeal was held in abeyance pending receipt of the report. The County Court (Corrigan, J.) has filed its report.
ORDERED that the judgment is affirmed.
In a decision and order dated April 30, 2025, this Court remitted this matter to the County Court, Nassau County, for further proceedings on the defendant's application to withdraw his plea of guilty (see People v Nesbitt, 237 AD3d 1228, 1228). Upon remittitur, the defendant, in effect, withdrew his application to withdraw his plea of guilty, indicating that he did not wish to proceed to trial on the charges that are the subject of this matter, but, rather, that he simply wanted his sentence of incarceration vacated and another chance to keep his promise made as part of the plea agreement to complete a drug treatment program.
Moreover, the defendant explained that his application to withdraw his plea of guilty had been based upon a claim that, at the time he entered the plea, his counsel had led him to falsely believe that counsel would get him into an inpatient drug treatment program. However, this assertion is belied by the transcript of the plea proceeding, which showed that the defendant was aware at the time he entered a plea of guilty that he could not immediately enter an inpatient program due to the COVID-19 pandemic and the unavailability of beds. Accordingly, to the extent that the defendant still sought to withdraw his plea of guilty, he did not demonstrate any coercion or involuntariness that would warrant granting him that relief (see People v Hernandez, _____ AD3d _____, _____, 2025 NY Slip Op 05820, *1; People v Fellows, 208 AD3d 682, 683).
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254). The County Court properly advised the defendant, among other things, that the waiver of the right to appeal did not preclude him from taking an appeal and that "most claims of error" would not be reviewable (see People v Thomas, 34 NY3d 545, 558, 567). Thus, the defendant was aware that some issues would survive his appeal waiver and "it was not necessary for the County Court to specifically delineate the various issues that survive a valid appeal waiver" (People v Stevens, 203 AD3d 958, 959; see People v Feliz, 231 AD3d 1061). Furthermore, "a written waiver form is not required for an appeal waiver to be valid" (People v Stevens, 203 AD3d at 960; see People v Lopez, 210 AD3d 700, 700-701).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the sentence imposed was excessive and constituted cruel and unusual punishment (see People v Lopez, 6 NY3d at 255-256; People v Myke, 232 AD3d 913).
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court