People v Wilson (2026 NY Slip Op 00805)

People v Wilson

2026 NY Slip Op 00805

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2025-07731
 (Ind. No. 72391/24)

[*1]The People of the State of New York, respondent,
vDequann Wilson, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Richard I. Horowitz, J.), imposed June 3, 2025, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254). The Supreme Court properly advised the defendant, among other things, that the waiver of the right to appeal did not preclude him from taking an appeal and that "most claims of error" would not be reviewable (see People v Thomas, 34 NY3d 545, 558, 567). Thus, the defendant was aware that some issues would survive his appeal waiver and "it was not necessary for the [court] to specifically delineate the various issues that survive a valid appeal waiver" (People v Stevens, 203 AD3d 958, 959; see People v Feliz, 231 AD3d 1061, 1061).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
The defendant's remaining contention is without merit.
DILLON, J.P., WOOTEN, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court