People v Blackwell (2026 NY Slip Op 00791)

People v Blackwell

2026 NY Slip Op 00791

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-08073

[*1]The People of the State of New York, respondent,
vTroy Blackwell, appellant. (Ind. Nos. 62/23, 70670/23)

Arza R. Feldman, Manhasset, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Winter A. Vega of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Jessica Segal, J.), rendered August 6, 2024, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the sentence imposed was excessive and constituted cruel and unusual punishment (see People v Lopez, 6 NY3d at 255-256; People v Nesbitt, ___ AD3d ___, 2025 NY Slip Op 07316).
Although the defendant's contention that the County Court improperly delegated its authority during sentencing survives the defendant's valid waiver of the right to appeal, that contention is unpreserved for appellate review (see People v Guin, 229 AD3d 567, 568). In any event, that contention is without merit.
The defendant's remaining contention, challenging the imposition of a civil forfeiture of certain currency, is unpreserved for appellate review (see People v Coleman, 138 AD3d 1014, 1015) and, in any event, without merit (see People v Latouche, 243 AD3d 683).
IANNACCI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court