People v Corbett

2026 NY Slip Op 02665

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Johnnie Corbett, appellant. (Ind. Nos. 2669/19, 1125/20, 70938/22, 72219/24)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2025-00853, 2025-00856, 2025-00859, 2025-00860

Valerie Brathwaite Nelson, J.P.

Paul Wooten

Laurence L. Love

James P. McCormack, JJ.

Rosenberg Law Firm, Brooklyn, NY (Samantha Imber of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Katherine A. Walecka of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant from four judgments of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), all rendered July 16, 2024, convicting him of grand larceny in the second degree and conspiracy in the fourth degree under Indictment No. 2669/19, robbery in the third degree under Indictment No. 1125/20, burglary in the third degree under Indictment No. 70938/22, and grand larceny in the third degree under Indictment No. 72219/24, upon his pleas of guilty, and imposing sentences.

ORDERED that the judgments are affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341; People v Lopez, 6 NY3d 248, 254). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d at 255-256).

The defendant's contention that his pleas were not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Brown, 170 AD3d 878, 879). However, this contention is unpreserved for appellate review, since the defendant did not move to vacate his pleas or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v McDonnell, 214 AD3d 826, 827; People v Marinos, 209 AD3d 875, 875). Moreover, "the 'rare case' exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea" (People v Ramos, 164 AD3d 922, 922-923, quoting People v Lopez, 71 NY2d 662, 666). In any event, the defendant's contention is without merit, as the record establishes that the defendant's pleas were made knowingly, voluntarily, and intelligently (see People v McIntyre, 208 AD3d 1365, 1366).

By pleading guilty, the defendant forfeited any claims of ineffective assistance of counsel that did not directly involve the plea-negotiation process (see People v Brown, 170 AD3d [*2]at 879). Moreover, "the defendant's valid waiver of his right to appeal precludes review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his pleas" (id.; see People v Bennett, 115 AD3d 973, 974). Thus, the defendant's waiver precludes our review of the defendant's claim of ineffective assistance of counsel to the extent that it is based upon counsel's handling of two motions, inter alia, to controvert search warrants (see People v Smith, 178 AD3d 965, 966). To the extent that the defendant contends that the ineffective assistance of counsel affected the voluntariness of his pleas, the record demonstrates that the defendant received a very advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v McIntyre, 208 AD3d at 1366; People v Brown, 170 AD3d at 879). The defendant's contention that he was coerced into pleading guilty by his attorney's ineffectiveness is belied by his statements during the plea proceeding, in which he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been forced into pleading guilty, and that he was entering the pleas freely and voluntarily (see People v Bennett, 115 AD3d at 974; People v Douglas, 83 AD3d 1092, 1093).

BRATHWAITE NELSON, J.P., WOOTEN, LOVE and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court